UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
              *Plaintiff-Appellee,*

v.

EDNA MARIE HICKS, a/k/a Marie
Akers, a/k/a Marie A. Agurs, a/k/a
Maria Agers, a/k/a Edna Marie
Antoinette Agurs,
              *Defendant-Appellant.*

No. 01-4503

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Deborah K. Chasanow, District Judge.
(CR-99-195-DKC)

Submitted: December 19, 2001

Decided: January 22, 2002

Before WIDENER and MICHAEL, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Clarke F. Ahlers, CLARKE F. AHLERS, P.C., Columbia, Maryland,
for Appellant. Thomas M. DiBiagio, United States Attorney, Jan Paul
Miller, Assistant United States Attorney, Greenbelt, Maryland, for
Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Edna Marie Hicks pled guilty to one count of mail fraud, one count of contempt of court, one count of bankruptcy fraud, and one count of wire fraud pursuant to a plea agreement with the Government in which she waived her right to appeal her sentence. Hicks' attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). Counsel states that there are no meritorious issues for appeal, but raises two contentions on Hicks' behalf. Hicks has filed a pro se supplemental brief and supplements raising various issues on her own.

Counsel first contends that Hicks received ineffective assistance of counsel. Hicks also advances this contention in her pro se brief, claiming that: (1) counsel did not give the trial court enough information about her medical condition; (2) counsel did not have sufficient knowledge of her medical condition; (3) counsel did not provide her with her complete file, just the transcripts; (4) counsel failed to object to the consideration of a sixteen year-old conviction at sentencing; (5) counsel told her she would receive eighteen months probation and failed to protect her interests at sentencing when the plea agreement was breached; (6) counsel was unprepared and so pressured her into the plea, causing her to receive a less favorable sentence; and (7) counsel visited her on only nine occasions. We decline to address on direct appeal Hicks' ineffective assistance claims because the record does not conclusively demonstrate ineffective assistance of counsel. *United States v. Gastiaburo*, 16 F.3d 582, 590 (4th Cir. 1994).

Hicks next asserts that her plea was involuntary because counsel pressured her into pleading guilty. We have carefully reviewed the record and conclude that Hicks' plea was fully voluntary and that she knowingly and intelligently waived her right to appeal her sentence. *See* Fed. R. Crim. P. 11; *United States v. Broughton-Jones*, 71 F.3d

1143, 1146 (4th Cir. 1995); *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992).

Counsel next challenges the district court's denial of Hicks' motion for a downward departure. We find that this claim has been waived by virtue of the plea waiver. In addition, Hicks has waived review of claims raised in her pro se filings alleging Government misconduct and the improper denial of a medical correction. The plea waiver also bars review of Hicks' challenge to the $7,500 fine imposed and her objection to the the testimony of victim impact witnesses at sentencing.

Hicks further alleges that the plea agreement was breached because she did not receive the sentence she expected. The plea agreement in question clearly and unambiguously does not bind the court to the parties' stipulations, and states that the court would determine the sentence with the aid of the presentence report. Accordingly, for this reason and because the Government complied with the stipulations in the agreement, we reject this contention.

Hicks also asserts that her constitutional rights were violated when she received inadquate medical care while incarcerated and was denied access to a law library. Such claims are not properly raised in this appeal and should be raised in an action under 42 U.S.C. § 1983 (1994).

Finally, Hicks claims that the prosecutor engaged in misconduct when he violated the right of witness Milton Parker to decline to incriminate himself. We find that Hicks lacks standing to assert a challenge on Parker's behalf. Hicks also contends that the United States Attorney violated her constitutional rights when he allegedly urged her former client to engage Hicks in a real estate transaction in violation of court order. We find this allegation wholly conclusory and irrelevant to Hicks' actual convictions.

We have examined the entire record in this case in accordance with the requirements of *Anders* and find no meritorious issues for appeal. Accordingly, we affirm Hick's convictions and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the

client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. Finally, we dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*